Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Spencer Paskett**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**HVG Systems, LLC**, a Minnesota company; and **Ofer Alphabet**, an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Spencer Paskett, for his Verified Complaint against Defendants HVG Systems, LLC and Ofer Alphabet hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. Plaintiff also brings this action against Defendants for their unlawful termination of Plaintiff in violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

3. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

4. This action is also brought to recover lost wages, liquidated damages, statutory penalties, compensatory damages, and punitive damages resulting from Defendants' violations of the FLSA's anti-retaliation provision.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff has been a full-time employee of Defendants beginning on or around July 20, 2018.

10. Plaintiff was terminated on January 22, 2020.

11. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. HVG Systems, LLC is a corporation authorized to do business in Arizona.

13. HVG Systems, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Ofer Alphabet is an Arizona resident.

15. Defendant Ofer Alphabet has directly caused events to take place giving rise to this action.

16. Defendant Ofer Alphabet is a manager of HVG Systems, LLC.

17. Defendant Ofer Alphabet is an owner of HVG Systems, LLC.

18. Defendant Ofer Alphabet is an employer of HVG Systems, LLC.

19. Defendant Ofer Alphabet has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Ofer Alphabet is an employer.

21. Defendant Ofer Alphabet has the authority to hire and fire employees.

22. Defendant Ofer Alphabet had the authority to hire and fire Plaintiff.

23. On or about July 20, 2018, Defendant Ofer Alphabet hired Plaintiff.

24. On or about January 22, 2020, Defendant Ofer Alphabet fired Plaintiff.

25. Defendant Ofer Alphabet supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant Ofer Alphabet determined the rate and method of Plaintiff's payment of wages.

27. Defendant Ofer Alphabet maintained employment records in connection with Plaintiff's employment.

28. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ofer Alphabet is subject to

individual and personal liability under the FLSA.

29. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

30. Defendants, and each of them, are sued in both their individual and corporate capacities.

31. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

32. Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

33. Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

34. Plaintiff has a reasonable good faith belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that will have annual gross sales of at least $500,000 in 2020.

35. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

36. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

37. At all relevant times, Plaintiff, in his work for Defendants, regularly used instrumentalities of interstate commerce.

38. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

39. Plaintiff, in his work for Defendants, regularly used the internet.

40. Plaintiff, in his work for Defendants, regularly used the telephone.

41. Plaintiff, in his work for Defendants, regularly used telecommunications to communicate with Defendants' customers.

42. Plaintiff is a covered employee under individual coverage.

43. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

44. Defendants are a technology assurance agency that offers IT services and support.

45. On or around July 20, 2018, Plaintiff commenced employment with Defendants as an IT consultant.

46. Plaintiff's primary job duties included providing IT services and support to Defendants' customers.

47. For the first 3 months of his employment, Plaintiff was paid a salary of $3,000 per month.

48. For the rest of 2018 through June 2019, Plaintiff was paid a salary of $3,167 per month.

49. Beginning in July 2019 through Plaintiff's termination, Plaintiff was paid a salary of $3,333.33 per month.

50. Between July 20, 2018 to January 22, 2020, Defendants failed to properly compensate Plaintiff for all his overtime hours.

51. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours from July 20, 2018 to January 22, 2020.

52. For example, Plaintiff estimates that he worked approximately 45 hours every week for the duration of his employment.

53. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

54. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

55. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

56. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

58. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

59. Plaintiff was required to be working for Defendants at a minimum Monday through Friday, 8:00 am to 5:00 pm.

60. Plaintiff was also required to work some weekend hours.

61. Plaintiff was required to wear a uniform provided by Defendants when working for Defendants.

62. Plaintiff was required to follow Defendants' rules.

63. Plaintiff was required to follow daily checklists instituted by Defendants.

64. Defendants created the business model of the company and Plaintiff was required to follow that model without deviation.

65. Plaintiff did not invest in any of Defendants' tools and / or equipment.

66. All tools and equipment were provided by Defendants.

67. Plaintiff was required to return all tools and equipment to Defendants upon termination.

68. Plaintiff was required to return all uniforms to Defendants upon termination.

69. Plaintiff was not responsible for any profit or loss of Defendants' business.

70. Plaintiff did not receive any more or less compensation based on any profit or loss by Defendants.

71. Defendants provided training to Plaintiff.

72. Defendants did not require Plaintiff to have special skills to work for them.

73. Defendants did not require Plaintiff to have any specialized licenses or education to work for them.

74. Defendants provided Plaintiff with a business card with their information on it.

75. Plaintiff was directly supervised by Defendant Ofer Alphabet, who was employed by Defendants.

76. Plaintiff was directly supervised by Kinsey Anderson, who was employed by Defendants.

77. Plaintiff was directly supervised by Jason Lowe, who was employed by

Defendants.

78. If Plaintiff made a mistake he was disciplined and trained by Defendant Ofer Alphabet, Kinsey Anderson, and / or Jason Lowe.

79. Plaintiff's work as an IT consultant is part of Defendants' regular business.

80. On January 22, 2020, Plaintiff's counsel sent a demand letter to Defendant Ofer Alphabet via email regarding Plaintiff's owed overtime wages.

81. Later on January 22, 2020, Defendant Ofer Alphabet asked Plaintiff to come to his office for a meeting.

82. During this meeting, Defendant Ofer Alphabet acknowledged that he received Plaintiff's demand letter.

83. Also during this meeting, Defendant Ofer Alphabet stated "we cannot continue to work together, if you're suing your employer."

84. Also during this meeting, Defendant Ofer Alphabet terminated Plaintiff.

85. Defendant Ofer Alphabet terminated Plaintiff because he received a demand letter claiming that he was owed overtime pursuant to the FLSA.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

86. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

87. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

88. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

89. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

90. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

91. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

92. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

93. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek between July 20, 2018 and January 22, 2020, and failed to pay proper overtime wages.

94. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

95. Defendants have not made a good faith effort to comply with the FLSA.

96. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FLSA RETALIATION)

97. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

98. In pursuing unpaid wages against Defendants by sending a demand letter to Defendants, Plaintiff engaged in FLSA-protected conduct.

99. In response to Plaintiff's counsel sending the demand letter, Defendants terminated Plaintiff.

100. Plaintiff's termination by Defendants are retaliatory in nature and were done

solely to retaliate against Plaintiff for his protected activity.

101.  As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3).

102.  Plaintiff is therefore entitled to compensatory, liquidated, punitive damages, attorneys' fees, and costs.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.  For the Court to declare and find that the Defendants committed the following acts:

   i.  Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff.

B.  For the Court to award compensatory damages, including liquidated damages, and punitive damages pursuant to 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 6, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Spencer Paskett

## **VERIFICATION**

Plaintiff Spencer Paskett declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Spencer Paskett